# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-207-01 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| SCHMANISKY BROADWAY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court are several filings from the Defendant, Schmanisky Broadway ("Broadway"): (1) a letter motion seeking a sentence reduction pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) [Record Document 197]; (2) a letter to his "counselor" advising of additional claims to be alleged in court, including entrapment, ineffective assistance of counsel, and relief under <u>Johnson</u> [Record Document 201]; and (3) a motion to vacate sentence under 28 U.S.C. § 2255 based upon the Supreme Court's opinion in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018) [Record Document 219]. The Government has filed two motions to dismiss for lack of jurisdiction. [Record Documents 204 & 221].

Section 2255(h) provides that a second or successive habeas petition must be authorized by the court of appeal as provided in 18 U.S.C. § 2244. 28 U.S.C. § 2255(h). A petition is considered second or successive when it "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 867 (5th Cir. 2000). The authorization requirement "serves as a 'gate-keeper

by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction.'" Williams v. Thaler, 602 F.3d 291, 301 (5th Cir. 2010) (citing Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir. 2009)). Even if a petitioner plausibly satisfies the substantive threshold for obtaining permission to proceed–that is, if he demonstrates his petition either is based on newly discovered evidence that would have been sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty or is based on a new rule of constitutional law that is retroactively applicable to his case–he must nonetheless obtain approval from the court of appeal before proceeding in the district court. 28 U.S.C. § 2255(h); In re Arnick, 826 F.3d 787 (5th Cir. 2016). Without approval from the court of appeal, the district court lacks jurisdiction over a second or successive habeas petition. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). This bar applies regardless of how the petitioner's filing is titled or captioned; rather, it is the relief sought therein that is determinative. Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005); Williams, 602 F.3d at 302-03.

In the instant case, Broadway has already filed one habeas petition, which was denied by the Court on the merits. Record Document 164. In his current submissions before the Court, Broadway seeks a sentence reduction under Johnson and Dimaya, and also alleges entrapment and ineffective assistance of counsel. Broadway's filings constitute a second or successive habeas petition. This Court cannot entertain any of Broadway's challenges or requests unless and until he obtains approval from the Fifth Circuit.

2

Accordingly, **IT IS ORDERED** that the Government's motions to dismiss [Record Documents 204 & 221] are hereby **GRANTED** and that Broadway's § 2255 motions [Record Documents 197, 201, & 219] be and are hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of November, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE