UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:09-CR-00207-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SCHMANISKY V. BROADWAY (01)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING and ORDER

Before the Court is pro se Defendant Schmanisky V. Broadway's Motion for Reduction of Sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (hereinafter, "First Step Act"). [Doc. No. 227]. Pursuant to his motion, Defendant moves for a sentence reduction in light of amendments made by the First Step Act to the criteria necessary for imposition of an enhanced sentence under 21 U.S.C. § 841(b)(1)(A). More specifically, Defendant argues he would not be subject to an enhanced sentence under the current version of § 841(b)(1)(A), and the amendments to the enhanced penalty provision should apply retroactively to his sentence. For the reasons that follow, the motion is DENIED.

On October 22, 2009, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine and Possession of Firearms in Relation to Drug Trafficking. [Doc. Nos. 55, 56]. At the time of Defendant's sentencing, a person convicted of a drug trafficking offense involving five kilograms or more of cocaine was subject to a sentence of ten years to life. 21 U.S.C. § 841(b)(1)(A) (West 2009). However, if a defendant committed such a violation "after a prior conviction for a felony drug offense ha[d] become final," his statutory mandatory minimum sentence increased to twenty years, up to a maximum of life. *Id.* In light of Broadway's prior felony drug conviction [*see* Doc. No. 47], on January 28, 2010, he was sentenced

to the mandatory minimum term of 240 months for Count 1, and 60 months for Count 3, to run consecutively to his sentence on Count 1. [Doc. No. 78].

Section 401 of the First Step Act modified the factual predicates necessary to trigger an enhanced sentence under § 841(b)(1)(A), and additionally modified the length of the enhanced penalty that applies when such factual predicates are triggered. As pertinent to this matter, pursuant to the First Step Act, the predicate offense must be a "serious drug felony," and the mandatory minimum sentence has been reduced from twenty to fifteen years. First Step Act, § 401(a)(2). Section 401(c) of the First Step Act provides the foregoing modifications are applicable "to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*" *Id.* at § 401(c) (emphasis added). As Defendant's sentence was imposed prior to the enactment of the First Step Act, he is ineligible for relief. *See e.g. United States v. Carter*, 19-10918, 2019 WL 5295132, at *4 (11th Cir. Oct. 18, 2019); *United States v. Jackson*, 940 F.3d 347, 353 (7th Cir.2019); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir.2019).[1]

For the reasons set forth above, the Motion for Reduction of Sentence [Doc. No. 227] is DENIED.

*(signature)*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Unlike section 404 of the First Step Act (which makes retroactive certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010), section 401 of the First Step Act was not made retroactive.