UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 09-cr-00207-01 |
| VERSUS | JUDGE JAMES |
| SCHMANISKY V BROADWAY (01) | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Schmanisky Broadway ("Defendant"), who was convicted of drug and firearms crimes, filed a Section 2255 motion in 2012 that was denied on the merits. He recently filed a Motion to Vacate (Doc. 239) pursuant to 28 U.S.C. § 2255 based on a 2019 Supreme Court decision. He does not represent that he has sought or obtained permission from the Fifth Circuit to pursue a second or successive motion. For the reasons that follow, his motion should be denied without prejudice.

**Procedural History**

Law enforcement agents learned in 2009 that Schmanisky Broadway ("Defendant") and some associates had been involved in home invasion robberies. An ATF agent posed as a drug courier and persuaded Defendant and some associates to rob a stash house where he claimed to routinely deliver large quantities of cocaine. Defendant and his associates committed to a plan to rob the house, and he told the agent, "You got to burn the first guy to let the other ones know that you mean business." Defendant and his crew expressed

readiness to execute the plan and showed up with bags of dark clothing, loaded guns, and a roll of duct tape. They were arrested, and a grand jury returned a six-count indictment.

Defendant entered into a plea bargain and pleaded guilty to (1) one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and (2) one count of possessing a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)&(2). He was sentenced to serve a 240-month prison term on the drug count as well as a consecutive 60-month term on the firearms conviction. His sentence was affirmed on appeal. Docs. 77-78 & 130.

Defendant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in 2012. Doc. 147. He asserted several claims of ineffective assistance of counsel in connection with his plea agreement, sentencing, and appeal. Judge Stagg issued a ruling that denied the claims on the merits. Doc. 164.

Plaintiff returned in 2018 with another Section 2255 motion (Doc. 219) that asserted entitlement to relief based on <u>Sessions v. Dimaya</u>, 138 S.Ct. 1204 (2018). Judge Foote determined that the motion was a second or successive filing that the district court could not entertain unless Defendant first obtained approval from the Fifth Circuit. Accordingly, she denied the motion without prejudice. Doc. 223. There is no indication in the record that Defendant received permission from the Fifth Circuit to pursue the motion.

Defendant now presents a third Motion to Vacate (Doc. 239) pursuant to Section 2255. He argues this time that his firearms conviction is invalid under <u>U.S. v. Davis</u>, 139 S.Ct. 2319 (2019), which held that the residual clause of 18 U.S.C. § 924(c)(3) was unconstitutionally vague. It appear that <u>Davis</u> may not be applicable to Defendant's

conviction under § 924(1)&(2). But the court may not reach the merits because Defendant does not represent that he has sought or obtained permission from the Fifth Circuit to pursue this motion.

**Analysis**

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified … by a panel of the appropriate court of appeals." See 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A). This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

Defendant's motion is based on the new Davis decision. "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are considered successive under § 2244(b)(2)(A)." Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009). Nothing in the record indicates that Defendant has sought authorization from the court of appeals for this successive motion. As such, this district court does not have jurisdiction over his motion.

Given that this is at least the third habeas motion filed by Defendant, and there is no indication the Fifth Circuit authorized this or the prior motion, dismissal without prejudice is the appropriate course. See United States v. Fulton, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal."). Judge Vance recently dismissed without prejudice a second or successive motion that raised a claim based on Davis. United States v. Isaac, 2020 WL 3100431 (E.D. La. 2020).

The same result is appropriate here. See also Phillips v. United States, 2020 WL 3605859 (S.D. Ohio 2020) (district court lacked jurisdiction over successive § 2255 motion based on Davis that was filed after an earlier motion was denied on the merits).

If Defendant wishes to pursue his Davis claim, he will first have to make a prima facie showing to the Fifth Circuit that his motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); United States v. Wiese, 896 F.3d 720, 723 (5th Cir. 2018); In re Arnick, 826 F.3d 787 (5th Cir. 2016). If the Fifth Circuit finds that Defendant has made a prima facie showing and grants permission to proceed in the district court, Defendant must next actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence. Wiese, 896 F.3d at 723 (citing §§ 2244(b)(2), (4); US v. Medina, 800 Fed. Appx. 223, 225 (5th Cir. 2020).

Accordingly,

It is recommended that Defendant's Motion to Vacate (Doc. 239) pursuant to 28 U.S.C. § 2255 be denied without prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have fourteen (14) days from the date of this report and recommendation to file specific, written objections with the Clerk of Court,

unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within fourteen (14) days from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge